IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL KRAUS,

        Petitioner,

v.                              CASE NO. 16-3192-SAC-DJW

JAMES HEIMGARTNER, et al.

        Respondents.

## MEMORANDUM AND ORDER

Mr. Kraus is a state inmate. He filed this pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 to challenge his 1999 convictions of murder and kidnapping. Petitioner has also filed a Motion to Proceed in forma pauperis with the requisite financial information in support, which the court finds should be granted. Having examined all materials filed, the court finds from the face of the application that Mr. Kraus failed to file his federal petition within the applicable statute of limitations. Accordingly, the court dismisses this action as time-barred.

**I. Legal Standards**

   **A. Screening**

Rule 4 of the Rules Governing Section 2254 Cases, 28 U.S.C.A. foll. § 2254 (HC Rule 4), requires the court to review a habeas petition upon filing and to sua sponte dismiss the petition without ordering a responsive pleading "[i]f it plainly

1

appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, . . . HC Rule 4; see also *Mayle v. Felix*, 545 U.S. 644, 655 (2005); *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

### B. Statute of Limitations

The statute of limitations for filing a federal habeas corpus petition is set forth in 28 U.S.C. § 2244(d)(1) as follows:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

*Id.* The issue of timeliness may be raised sua sponte by the court. *See Day v. McDonough*, 547 U.S. 198 (2006)("[D]istrict courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition.); *see also Hare v. Ray*, 232 F.3d 901 (10th Cir. Sept.15, 2000)(Table)(affirming court's sua sponte dismissal of habeas corpus petition as untimely under HC Rule 4); *Williams v. Boone*, 166 F.3d 1223 (10th Cir. 1999)(unpublished)(same). The "limitation period shall run from" the "latest of" four dates, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The statute provides for tolling of the statute of limitations during the pendency of any "properly filed application for State post-conviction or other

collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2).

## II. Procedural History

In 1999, Mr. Kraus was convicted upon trial by jury in the District Court of Wyandotte County, Kansas, of aggravated kidnapping and felony murder. The court imposed a life sentence with a minimum of 15 years before Kraus would be eligible for parole for the homicide and 184 months imprisonment on the aggravated kidnapping charge, to be served consecutively." See *Kraus v. State*, 2015 WL 2131632, *1 (Kan.App. May 1, 2015). Mr. Kraus filed a direct appeal raising two issues: (1) the trial court erred in admitting State's Exhibit 39, which was a CD-ROM prepared by a law enforcement officer from a tape recording and (2) the prosecutor committed misconduct during cross-examination and closing argument. *State v. Kraus,* 271 Kan. 810, 26 P.3d 636, 638-39 (Kan. 2001). The Kansas Supreme Court rejected these claims and affirmed petitioner's convictionsw on July 13, 2001. *Id.*

Petitioner's conviction became "final" as that term is used in 28 U.S.C. § 2244(d), three months later on October 13, 2001.[1] The statute of limitations began to run the following day and ran unimpeded until it expired on October 14, 2002.

---

[1] Mr. Kraus had 90 days in which to file a petition for certiorari in the United States Supreme Court. Since he did not file a certiorari petition his convictions because "final" when that 90-day period expired on October 13, 2001. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001).

3

In November 2006, Kraus filed a motion for a new trial in the trial court claiming of newly discovered evidence. *Kraus v. State*, 2015 WL 2131632 at *1. He asserted that he was innocent of the crimes, challenged the chain of custody of a tape introduced into evidence, and alleged various instances of ineffective assistance of trial counsel. The district court treated the motion as a state post-conviction motion under K.S.A. 60-1507. *Id.* In 2009, petitioner filed an amended K.S.A. 60-1507 motion in which he alleged newly discovered evidence, *Brady* violations, ineffective assistance of trial and appellate counsel, and manifest injustice based on his attorney's alleged failure to timely file his K.S.A. 60-1507 motion. *Id.* The State moved to dismiss because the state motion was filed more than six years after his convictions were affirmed and no justification existed for the late filing. Kraus asserted manifest injustice based on allegations that his attorney failed to file a post-conviction motion for him as promised and that Kraus ultimately had to file it himself. *Id.* The district court analyzed the claims and circumstances and granted the State's motion to dismiss. They reviewed correspondence between Kraus and his attorney indicating that Kraus had delayed giving his attorney permission to file the motion. Petitioner appealed the denial to the Kansas Court of Appeals (KCA), which affirmed on May 1, 2015. See *State v.*

*Kraus*, 2015 WL 2131632 (Kan. App. 2015). The Kansas Supreme Court (KSC) denied his Petition for Review on September 14, 2015.[2]

The instant federal petition was filed on September 12, 2016. Petitioner sets forth three claims that he exhausted in state court and asks this court to "arrest judgment and vacate sentence."

**III. Discussion**

The court has examined the instant petition under HC Rule 4. Based on the procedural history set forth earlier, the court concludes that this federal petition was filed over four years late. Applying the above statutory provisions to the facts of this case, the court finds that petitioner's convictions "became final" for limitations purposes on October 13, 2001. The statute of limitations began to run the next day, and ran without interruption until it expired one year later on October 13, 2002. Petitioner did not file any tolling-type state post-conviction motion challenging his convictions until November 2006. See Fed.R.Civ.P. 6(a)("In computing any period of time . . . the day of the act, event, or default from which the designated period of time begins to run shall not be

---

[2]   Mr. Kraus had 90 days in which to file a petition for certiorari in the United States Supreme Court. Since he did not did not file a certiorari petition his convictions became final when that ninety-day time limit expired on October 13, 2001. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001).

included."); *United States v. Hurst*, 322 F.3d 1256 (10th Cir. 2003)(holding that one-year limitation period under § 2244(d)(1) expires on anniversary date of the triggering event).

Petitioner's 60-1507 motion was dismissed in state court because it was not timely. The state courts reasonably rejected petitioner's excuse for the untimeliness of his state post-conviction motion. This federal court is bound by the factual findings of the state court  Petitioner's filing of his 2006 motion did not toll the federal statute of limitations because it had expired years ago. Moreover, his state post-conviction motion did not restart the federal limitations clock. Petitioner alleges no facts indicating that he is entitled to additional statutory tolling.

A federal habeas corpus petitioner might avoid the statutory time-bar by showing that he is entitled to equitable tolling. A litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); see *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied,* 531 U.S. 1194 (2001)(Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."). In the

habeas corpus context, equitable tolling has been limited to "rare and exceptional circumstances." *Gibson v. Klinger,* 232 F.3d 799, 800 (10th Cir. 2000). The Tenth Circuit has stated that equitable tolling "would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct--or other uncontrollable circumstance--prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Id.* (internal citations omitted); *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003). Complaints about unfamiliarity with the legal process and illiteracy have been found to provide no basis for equitable tolling. *See Hallcy v. Milyard*, 387 Fed. Appx. 858 (10th Cir. 2010)(professed ignorance of the law is not enough to justify the extraordinary remedy of equitable tolling); *Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008)("Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs.")(quoting *Wallace v. Kato*, 549 U.S. 384, 396 (2007)). Moreover, ignorance of the law generally and of the AEDPA time limit in particular will not excuse untimely filing, even for an incarcerated pro se prisoner. *Marsh*, 223 F.3d at 1220; *Miller*, 141 F.3d at 978; *Gibson*, 232 F.3d at 808; *see Klein v. Neal*, 45 F.3d 1395, 1400 (10th Cir. 1995)( a petitioner's assertions that "he is not a lawyer and he was

7

unaware of [a] statute's existence are insufficient as a matter of law to constitute 'cause'" to surmount a habeas procedural bar). "Simple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808. Mr. Kraus does not allege a single fact in his petition suggesting that he is entitled to equitable tolling from October 13, 2001, through October 13, 2002. Nor does he allege any fact indicating that he would be entitled to equitable tolling during any of the subsequent four years. Petitioner was directed in his form petition as follows: "If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition." He failed to provide any explanation for filing his federal petition four years late.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner's Motion for Leave to Proceed in forma pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that this federal habeas corpus petition is dismissed as time barred under 28 U.S.C. § 2244(d)(1).

**IT IS SO ORDERED.**

**Dated this 28th day of October, 2016, at Topeka, Kansas.**

<u>s/Sam A. Crow</u>
**U. S. Senior District Judge**